**IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Connie Hush, as guardian and Natural Parent of Minor Daughter "K. C." ) ) ) Plaintiff, ) ) ) vs. ) ) Cedar Fair, L.P., et al. ) ) ) Defendants. ) | CASE NO. 3:16-cv-01775-JGC  **DEFENDANT CEDAR FAIR, L.P.'S ANSWER TO COMPLAINT**  **(JURY DEMAND ENDORSED HEREON)** |

Now comes Cedar Fair, L.P., by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

1. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

2. Defendant admits that K.C. was an employee of Cedar Fair on October 10, 2015. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies, as stated, the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies, as stated, the allegations contained in paragraph 5 of Plaintiff's Complaint. But Defendant admits this Court has jurisdiction over claims involving violations of Title VII of the Civil Rights Act of 1964.

6. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

7. Defendant admits this Court is a proper venue for this action. Defendant denies any and all remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies, as stated, the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies, as stated, the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that K.C. was required to wear an identifying badge, which also identified her age. Defendant denies the remaining allegations, as stated, in Paragraph 11 of Plaintiff's Complaint.

12. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

13. Defendant denies, as stated, the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies, as stated, the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

16. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

17. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies, as stated, the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

22. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## ANSWERING FIRST CLAIM

25. Defendant hereby incorporates its answers and denials from Paragraphs 1 through 24 above as if fully rewritten.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

## ANSWERING SECOND CLAIM

31. Defendant hereby incorporates its answers and denials from Paragraphs 1 through 30 above as if fully rewritten.

32. Defendant denies, as stated, the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

## ANSWERING COUNT THREE

35. Defendant hereby incorporates its answers and denials from Paragraphs 1 through 34 above as if fully rewritten.

36. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 36 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

37. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 37 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

## ANSWERING COUNT FOUR

38. Defendant hereby incorporates its answers and denials from Paragraphs 1 through 37 above as if fully rewritten.

39. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

40. Defendant is without direct information and/or knowledge sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 40 of Plaintiff's Complaint and, therefore, denies the same for want of knowledge.

**ANSWERING PRAYER FOR RELIEF**

41. Defendant denies the allegations set forth in Plaintiff's Prayer for Relief of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a cause of action or claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrines of waiver, laches and estoppel.

3. Plaintiff's claims are or may be barred by the applicable statute of limitations or are or may be otherwise time barred.

4. Plaintiff was an employee at will.

5. Plaintiff has failed to mitigate her damages, if any.

6. Plaintiff's claims may be barred for failure to exhaust administrative remedies.

7. Plaintiff's claims of harassment are barred because (1) Defendants exercised reasonable care to prevent and correct promptly any sexually or racially harassing behavior, if any, and (2) Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

8. Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to timely and fully comply with all conditions precedent prior to initiating this action.

9. Plaintiff's claims are is barred in whole or in part because the conduct alleged by Plaintiff is not so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

10. Plaintiff's claims are barred in whole or in part because Plaintiff consented to Defendants' alleged actions.

11. Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries resulted from an intervening, superseding cause.

12. Plaintiff's claims are barred in whole or in part because of Plaintiff's contributory negligence.

13. Plaintiff's claims are barred in whole or in part because Defendants' alleged actions were not offensive or harmful to Plaintiff.

14. Plaintiff's claims are barred in whole or in part because Plaintiff did not suffer any physical injury.

**WHEREFORE,** Defendant, Cedar Fair, L.P., denies liability in any manner and respectfully request judgment in their favor with costs to Plaintiff.

Respectfully submitted,

*/s/ David R. Hudson*
David R. Hudson (0084988)
Taylor C. Knight (0089531)
REMINGER CO., L.P.A.
One SeaGate, Suite 1600
Toledo, Ohio 43604
(419) 254-1311
(419) 243-7830 Fax
dhudson@reminger.com
tknight@reminger.com

Counsel for Defendant, Cedar Fair, L.P.

## JURY DEMAND

Defendant hereby demands a jury trial on all triable issues.

                                              Respectfully submitted,

                                              */s/ David R. Hudson*
                                              David R. Hudson (0084988)
                                              Taylor C. Knight (0089531)
                                              REMINGER CO., L.P.A.

                                              Counsel for Defendant, Cedar Fair, L.P.

## CERTIFICATE OF SERVICE

     I hereby certify that on August 22, 2016, the foregoing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              */s/ David R. Hudson*
                                              David R. Hudson (0084988)
                                              Taylor C. Knight (0089531)